**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**ABDELAZIZ HAMZE,**

**Plaintiff,**

**v.** **Case No. 4:24-cv-505-AW-MJF**

**SERGEANT KIRKLAND and SERGEANT D. BENNETT,**

**Defendants.**

_________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Abdelaziz Hamze, a pro se prisoner, filed this § 1983 action against Sergeants Keldrick Kirkland and Dwayne Bennett. The court initially granted Hamze leave to proceed *in forma pauperis*. ECF Nos. 1 and 10. Kirkland then moved to dismiss, asserting that Hamze was a three-striker under 28 U.S.C. § 1915(g). ECF No. 32. That statute generally prohibits a prisoner from proceeding *in forma pauperis* if he has previously filed at least three actions dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). The magistrate judge issued a report and recommendation that concludes the court should dismiss without prejudice based on the three-strike rule. ECF No. 41.

Hamze has filed objections, ECF No. 48, and I have considered de novo the issues he has raised. I now adopt the report and recommendation and incorporate it into this order.

Hamze's principal objection is that dismissal without prejudice will functionally be *with* prejudice because the statute of limitations for his § 1983 claim has now run. ECF No. 48 at 8-9. Given this, he says dismissal would be too harsh, as it is "a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." *Id.* at 9 (quoting *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). Though acknowledging that *Justice* arose in the context of a dismissal under Federal Rule of Civil Procedure 41(b), Hamze argues the same principle should apply here. *Id.* I disagree.

When a prisoner files a complaint without paying the filing fee in violation of § 1915(g)'s three-strike rule, "the proper procedure is for the district court to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The prisoner cannot avoid dismissal by paying the filing fee after the fact because it was due "at the time he *initiate[d]* the suit." *Id.* Hamze has pointed to no case in the § 1915(g) context carving out an exception to *Dupree*'s rule for a timely claim that otherwise would be barred by the subsequent expiration of the statute of limitations.

Hamze also emphasizes that he was initially granted leave to proceed *in forma pauperis* and should not be faulted now for doing "exactly what the Court ordered him to do." ECF No. 48 at 9-10 ("The only reason Plaintiff did not pay [the fee] at the outset is that this Court told him he need not."). But the magistrate judge did not

prevent Hamze from paying the filing fee, as Hamze seems to imply. If he could have paid the fee from the start, this court would not have stopped him from doing so. Regardless, the statute controls.

One final note: Hamze has long been "on notice that he may run the risk of" having his future *in forma pauperis* actions dismissed pursuant to the three-strike rule. *Hamze v. Cummings*, No. 12-cv-62356, 2014 WL 12640243, at *3 (S.D. Fla. Sept. 30, 2014). In fact, before filing his complaint here, he had been declared a three-strike litigant in another federal court. *See Hamze v. Braden*, No. 3:16-cv-1217-MMH-PDB, ECF No. 2 (M.D. Fla. Sept. 26, 2016). Hamze therefore should have known his complaint here would be subject to dismissal for the same reason.

Accordingly, I overrule Hamze's objections. The motion (ECF No. 32) is GRANTED. The clerk will enter a judgment that says, "This case is dismissed without prejudice under 28 U.S.C. § 1915(g)." The clerk will then close the file.

SO ORDERED on November 2, 2026.

s/ *Allen Winsor*
Chief United States District Judge